## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAMOUNT CURRY                          :
                                       :
                    v.                 :        CIVIL ACTION NO.
                                       :
ECKERD CORPORATION                     :

## COMPLAINT

Plaintiff, Lamount Curry, by and through his undersigned counsel hereby brings this

Complaint against defendant, Eckerd Corporation, and in support thereof, avers as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Lamount Curry ("Curry"), is an individual citizen of the Commonwealth

of Pennsylvania, with residence located at 3347 Bowman Street, Philadelphia, PA 19129.

2.      Upon information and belief, defendant, Eckerd Corporation ("Eckerd"), is a

Delaware for profit corporation and a wholly owned subsidiary of J.C. Penney Company.  At all

times material hereto, Eckerd owned/operated a nationwide chain of drug stores, including drug

stores located in the City of Philadelphia, Commonwealth of Pennsylvania.

3.      This action arises under 42 U.S.C. §2000(e) et seq. ("Title VII") and the

Pennsylvania Human Relations Act 43 P.S. §955 et seq. ("PHRA").

4.      Jurisdiction is conferred upon this Court by 42 U.S.C. §2000(e) et seq. and 28

U.S.C. §1331, which provides for original jurisdiction of plaintiff's claims arising under the laws

of the United States.

5.      Plaintiff's state law claims are before this Court pursuant to its supplemental

jurisdiction as codified at 28 U.S.C. §1367.

6.      This Court has personal jurisdiction over Eckerd, a non-resident defendant, by virtue of Eckerd's continuous and sustained conduct of business within the Commonwealth of Pennsylvania and the City of Philadelphia.

7.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b) and (c), in that all of the events giving rise to plaintiff's claims occurred within the Eastern District of Pennsylvania and Eckerd is deemed to be a resident of the Eastern District of Pennsylvania by virtue of its being subject to personal jurisdiction within the Eastern District.

8.      Plaintiff timely filed complaints of both racial discrimination and retaliatory discharge with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") as required by Title VII and the PHRA.

9.      Plaintiff has received from the EEOC a Dismissal and Notice of Rights dated April 5, 2002 ("Notice"), a true copy of which is attached hereto as Exhibit "A."  Plaintiff's complaint in this matter has been filed within ninety (90) days of plaintiff's receipt of said Notice.

## BACKGROUND

10.      On or about November, 1998, Curry was hired by Eckerd as an assistant store manager.

11.      On or about December, 1998, Curry was promoted to store manager for store No. 6670 located at Ridge Avenue, Roxborough, Philadelphia, PA.

12.      On or about April, 2000, Curry was transferred to store No. 6197, located at 1334 Windrim Avenue, Philadelphia, PA, also in the position of store manager.

13.      On or about January, 2001, Lori Camp ("Camp") became Mr. Curry's new District Operations Manager ("DOM").

14.     Prior to Ms. Camp becoming Curry's DOM, Curry had received positive performance reviews from his DOMs, and had received promotions and raises.

15.     Immediately upon becoming Curry's DOM, Ms. Camp, who is white, initiated a pattern and practice of harassment and unfair treatment directed at Curry and other black store managers, including, but not limited to, Andrea Aldridge.

16.     In January, 2001, Curry and Henry James ("James"), another black employee of Eckerd initiated a grievance against Renee Shanafelt ("Shanafelt"), Eckerd's Loss Prevention Manager, by complaining to James Fazi ("Fazi"), Eckerd's Human Resources Manager, about Shanafelt's rude and unprofessional conduct towards Curry and James.  Curry told Fazi he believed that Ms. Shanafelt's harassing and unfair conduct directed towards him was racially motivated.

17.     Subsequent to Curry's filing his grievance against Shanafelt, Shanafelt's conduct towards Curry became even more harassing and unfair.

18.     Despite repeated inquiries by Curry to Fazi regarding the status of his grievance against Shanafelt, Fazi never responded until May 2, 2001 at which time Mr. Fazi e-mailed Curry stating "I apologize for not remembering you sent it."

19.     Mr. Curry was never informed by Mr. Fazi regarding the status of his grievance against Shanafelt.  Accordingly, upon information and belief, Fazi never conducted an investigation regarding Curry's complaint of racial discrimination, nor was any disciplinary action taken against Shanafelt.

20.     On or about May 30, 2001, and in the presence of Letitia Martin, his Assistant Manager, Curry complained to Mr. Fazi about what Curry believes was racial discrimination against him by Ms. Camp.

21. As a result of Ms. Shanafelt's and Ms. Camp's racially motivated disparate treatment of Curry, on June 1, 2001, Curry was terminated from his employment by Eckerd.

## COUNT I

### Racial Discrimination In Violation of Title VII

22. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth at length herein.

23. Eckerd is an "employer" within the meaning of Title VII.

24. At all times material hereto, Curry was an "employee" of Eckerd within the meaning of Title VII.

25. Title VII prohibits discriminatory treatment in employment on the basis of race.

26. The racially motivated disparate treatment set forth above by Camp and Shanafelt violated Title VII.

27. At all times material hereto, Camp and Shanafelt were acting as agents/supervisors of Eckerd.

28. The conduct of Eckerd has denied Curry his civil rights guaranteed by Title VII.

29. Eckerd intentionally engaged in this racially discriminatory conduct and did so with malice and/or reckless indifference towards plaintiff's civil rights protected by Title VII.

30. As a direct result of Eckerd's discriminatory conduct, Curry has suffered loss of employment, lost wages, mental anguish, severe anxiety, personal humiliation, painful embarrassment and loss of enjoyment of ordinary pleasures of everyday life.

## COUNT II

### Retaliatory Discharge In Violation of Title VII

31.     Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 30 above as if fully set forth at length herein.

32.     The grievance Curry initiated with Fazi regarding Shanafelt's racially discriminatory conduct, together with Curry's complaint to Fazi about Ms. Camp, as set forth above constitute protected activity within the meaning of Title VII.

33.     At all times material hereto, Eckerd was aware of Curry's grievance complaint against Shanafelt and Camp in that Fazi was acting as an agent/supervisor of Eckerd.

34.     As a direct result of Curry's protected activity as set forth above, Curry's employment with Eckerd was terminated.

35.     The conduct of Eckerd violates the anti-retaliation provisions of Title VII.

36.     Eckerd's retaliatory discharge of Curry was intentional and the product of malice or reckless indifference towards plaintiff's civil rights protected by Title VII.

37.     As a direct result of Eckerd's retaliatory discharge of plaintiff, Curry has suffered loss of employment, lost wages, mental anguish, severe anxiety, personal humiliation, painful embarrassment and loss of enjoyment of the ordinary pleasures of everyday life.

## COUNT III

### Racial Discrimination In Violation Of The PHRA

38.     Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 37 above as if fully set forth at length herein.

39.     Eckerd is an "employer" within the meaning of the PHRA.

40.     At all times material hereto, Curry was an "employee" of Eckerd within he

meaning of the PHRA.

41.    The racially discriminatory conduct of Eckerd toward plaintiff as set forth above constitutes an unlawful discriminatory practice in violation of §955(a) of the PHRA.

42.    As a direct result of Eckerd's racially discriminatory conduct, Curry has suffered loss of employment, lost wages, mental anguish, severe anxiety, personal humiliation, painful embarrassment and loss of enjoyment of the ordinary pleasures of life.

## COUNT IV

### Retaliatory Discharge In Violation Of The PHRA

43.    Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 42 above as if fully set forth at length herein.

44.    The grievance Curry initiated with Fazi regarding Shanafelt's racially discriminatory conduct together with Curry's complaint to Fazi about Ms. Camp as set forth above constitutes protected activity within the meaning of §955(d) of the PHRA.

45.    At all times material hereto, Eckerd was aware of Curry's protected activity as set forth above, in that Fazi was an agent/supervisor of Eckerd.

46.    As a direct result of Mr. Curry's protected activity, Curry's employment with Eckerd was terminated.

47.    The conduct of Eckerd as set forth above violates the anti-retaliation provisions of §955(d) of the PHRA.

48.    As a direct result of Eckerd's retaliatory discharge of plaintiff, Curry has suffered loss of employment, lost wages, mental anguish, severe anxiety, personal humiliation, painful embarrassment and loss of enjoyment of the ordinary pleasures of everyday life.

WHEREFORE, plaintiff, Lamount Curry, hereby requests judgment in his favor and against defendant, Eckerd Corporation and requests that this Honorable Court grant the following relief:

      a.      An award of back pay and front pay to plaintiff;

      b.      An award of compensatory damages to plaintiff;

      c.      An award of punitive damages to plaintiff;

      d.      An award of reasonable attorney's fees and costs; and

      e.      Grant such other further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for all issues so triable.

Respectfully submitted,

DOLCHIN, SLOTKIN & TODD, P.C.


_____
FRANK SCHWARTZ, ESQUIRE
ID. No. 52729
One Commerce Square, 24th Floor
2005 Market Street
Philadelphia, PA 19103
(215) 665-3507

Attorney for Plaintiff

DATE: _____