IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMOUNT CURRY, | : | |
| | : | |
| Plaintiff | : | Civil Action No. |
| | : | |
| v. | : | O2-CV-4052 |
| | : | |
| ECKERD CORPORATION | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, Eckerd Corporation, by way of Answer to the allegations contained in the Complaint, avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Denied. After reasonable investigation, Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves Plaintiff to his proofs.

2.  Denied. By way of further response, it is admitted only that Defendant is a Delaware corporation, a subsidiary of J.C. Penney Corporation, and operates retail drug stores in Pennsylvania, including in Philadelphia.

3.  Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

4.  Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

5. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

6. Denied in part; admitted in part. It is admitted only that Defendant operates retail drug stores in the Commonwealth of Pennsylvania, including Philadelphia. Defendant denies the remaining averments of this paragraph as conclusions of law to which no response is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

7. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

8. Denied in part; admitted in part. It is admitted only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Defendant denies the remaining averments of this paragraph as conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

9. Denied. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves Plaintiff to his proofs.

## BACKGROUND

10. Denied. By way of further response, it is admitted only that Plaintiff was hired by Defendant on or about November 16, 1998 and that he worked at store no. 6670.

11. Denied. By way of further response, it is admitted only that Plaintiff worked as a manager at store no. 6670 approximately from December of 1998 to March of 2000.

12. Denied. By way of further response, it is admitted only that Plaintiff was transferred to Store no. 6197 in or about March of 2000, and worked as a store manager.

13. Denied. By way of further response, Defendant admits only that Lori Camp, District Manager, supervised Plaintiff beginning in January of 2001.

14. Denied. By way of further response, Defendant denies that Plaintiff was promoted during his employment with Defendant, and received positive performance reviews.

15. Admitted in part; denied in part. Defendant admits only that Lori Camp is Caucasian. Defendant denies the remaining averments. By way of further response, it is specifically denied that Lori Camp harassed or discriminated against Plaintiff or any other store managers.

16. Admitted in part; denied in part. Defendant admits only that Henry James is an African American individual and that Renee Shanafelt worked in loss prevention for Defendant. The remaining averments are denied.

17. Denies the averments.

18. Denies the averments.

19. Denies the averments.

20. Denies the averments.

21. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not

3

conclusions of law, Defendant denies the same, except admits only that Plaintiff was terminated on June 1, 2001.

## COUNT I

22. Defendant incorporates by reference paragraphs 1 through 21 of its Answer as though fully set forth at length herein.

23. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

24. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

25. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

26. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

27. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant lacks the knowledge and/or information sufficient to form a belief as to the truth of the same, particularly with respect to the averment "[a]t all times material hereto."

28. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

29. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not

conclusions of law, Defendant denies the same. By way of further response, Defendant did not discriminate against Plaintiff in any manner.

30. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

## COUNT II

31. Defendant incorporates by reference paragraphs 1 through 30 of its Answer as though fully set forth at length herein.

32. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

33. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

34. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

35. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same. By way of further response, Defendant did not retaliate against Plaintiff in any manner.

36. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

37. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

## COUNT III

38. Defendant incorporates by reference paragraphs 1 through 37 of its Answer as though fully set forth at length herein.

39. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

40. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

41. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same. By way of further response, Defendant did not discriminate against Plaintiff in any manner.

42. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

## COUNT IV

43. Defendant incorporates by reference paragraphs 1 through 42 of its Answer as though fully set forth at length herein.

44. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

45. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

46. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

47. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same. By way of further response, Defendant did not retaliate against Plaintiff in any manner.

48. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole and each Count fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all material times, any action taken by Defendant with respect to the terms, conditions or privileges of Plaintiff's employment was taken in good faith, in a reasonable manner and fashion, and for legitimate and lawful reasons.

### THIRD AFFIRMATIVE DEFENSE

At all material times, any action taken by Defendant with respect to the terms, conditions or privileges of Plaintiff's employment was taken for reasons other than

Plaintiff's alleged race or any protected conduct by him.  Defendant did not discriminate or retaliate against Plaintiff in any manner.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not breach or violate any duty to or right of Plaintiff under the Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act or any other statute or law.  At all material times, Defendant complied with these statutes in connection with Plaintiff's employment.

### FIFTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and/or correct any alleged harassing and/or unfair behavior, and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided to him, or to avoid harm otherwise.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or by his failure to exhaust or comply with the governing administrative remedies and procedural prerequisites to suit, and/or by asserting claims that were not raised in his administrative charge of discrimination.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel, laches, waiver, payment, release, and/or discharge, or by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint as a whole and each count fail to state a claim for compensatory or punitive damages, interest, costs, or for attorney's fees, nor is Plaintiff entitled to this relief under governing law and/or the facts of this case.

### NINTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by his own acts, omissions or conduct, or by the acts, omissions or conduct of parties other than Defendant, about which Defendant had no prior knowledge and is not legally responsible.

### TENTH AFFIRMATIVE DEFENSE

Defendant is not liable for any averred actions or omissions on the part of employees insofar as such employees were not acting within the scope of employment and/or their actions were contrary to Defendant's good-faith efforts to comply with the anti-discrimination laws.

### ELEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mitigate his damages, if any.

WHEREFORE, Defendant respectfully demands that Plaintiff's Complaint be dismissed and that judgment be entered in its favor and against Plaintiff on each count of the Complaint, including an award of attorneys' fees and costs in favor of Defendant and such other relief as this Court may deem just and proper.

Dated: August 20, 2002             _____
                                   James Bucci, Esquire
                                   Gregory S. Hyman, Esquire

SPECTOR, GADON & ROSEN, P.C.
Seven Penn Center
1635 Market Street - Seventh Floor
Philadelphia, PA 19103
215-241-8888

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I served the foregoing on all parties by causing a true and correct copy thereof to be sent via first-class U.S. mail, addressed to counsel for plaintiff as follows:

> Frank Schwartz, Esquire
> Dolchin, Slotkin & Todd, P.C.
> One Commerce Squire, 24th Floor
> 2005 Market Street
> Philadelphia, PA 19103

Dated: August 20, 2002                              _____